Curia per Earle, J.
That the master of a vessel, as well as the owner, is liable to the merchant, or shipper, for damages, in case of injury to the goods, or their loss, is a well settled principle of the law of carriers. The mode in which the liability is to be enforced, is the question now pi’esented for consideration. The master is liable to the shipper, precisely to the same extent, and in *165 the same form of action, as the owner is ; but he is liable in a different character and on a different ground. Where he has no property in the vessel, and has only the conduct and management, he is the confidential servant or agent of the owners. They are bound by his contracts, by reason of their employment of the ship and of the profit which they derive from it by the receipt of the freight money. The master is also liable on his own contract for the transportation of the goods and by virtue of his taking charge of them for that purpose. The liability of the owners is implied by law from the nature of the employment, on'the ground of public policy. The liability of the master seems rather to be by express undertaking, and although he is not owner and receives no part of the freight, yet on the same ground of public policy and in favor of commerce, he is made personally responsible, on his undertaking, even where the owners are known, which is thus far a departure from the general law of principal and agent. In this action, it is attempted to make the master and owner jointly liable in the same action, and a verdict has been taken for the plaintiffs, subject to the opinion of the court, on the question whether they can be jointly e sued. . /N
The first material inquiry is, whether this declaration is in case, or in assumpsit; for if it be clearly a declaration in case, then according to Govett v. Radnidge et al., 3 East. 63, the plaintiffs might recover, on proof of a cause of action against one and the joinder of too many defendants, would not be fatal. ' That was not an action on the custom against the owners or master of a vessel, but against several, for carelessly, negligently, and imprudently behaving and conducting themselves, in loading a hogshead of treacle, which they had the loading of, for a reward, whereby it was let fall, broke and damaged. On the frame of the declaration it was considered a count in case, and the plaintiff had a verdict against one only. Yet the cause of action obviously arose out of a contract to do the particular work for hire. The plaintiff was allowed to consider the breach of duty as a tortious negligence, rather than as forming a breach of promise, implied from the consideration of hire.
The declaration in the case before us, would seem to be in as *166 sumpsit. lit has all the form and requisites of assumpsit: the statement of the consideration, the undertaking and the non-performance. I apprehend no particular form of words can be requisite to make a count in assumpsit, although > in the old forms super se suscepit, seem to have been so considered. — Dale v. Hall, 1 Wils. 282. Since the cases of Powell v. Layton, 2 B. & P. (new R.) 365, & of Max v. Roberts et al., Ib.454, the authority of Govett v. Radndige et al., has been much shaken, so far as it went to decide that even in case ex quasi contractu, the joinder of too many defendants was not fatal, either by plea in abatement or in arrest of judgment. Powell v. Layton, was case in the form of tort, against one of several joint owners qí a ship, for not carrying goods; plea in abatement of the non-joinder of another joint owner, and demurrer to the plea. Sir James Mansfield, in delivering the opinion of the court, said “it seems to be admitted, nor indeed can there be a doubt on that head, that if this action is founded in contract, the plea in abatement is good,” and although the word suscepit was not used, yet as the nature of the. charge was, that the defendant agreed to carry the goods and had failed in the performance of his agreement, it could make no difference that the word suscepit was not used. He could not understand how an action against a carrier, on the custom, came to be considered an action in tort.” As to the use of the word suscepit, ■ Dennison, J., in a former case, Dale v. Hall, had considered that the use or omission of it made no difference, and that an action against a carrier is founded on contract. In Max v. Roberts et al., Sir James Mansfield held the same doctrine; and imán action on the case against several joint owners of a ship for not carrying goods for freight according to agreement, and alleging a deviation, the plaintiff failing to prove all the defendants to be joint owners, it was held that he could not recover, even against those whom he proved to be joint owners; and in Weale v. King, 12 East, 452, Lord Ellenborough held, even in case for deceit in a warranty, where it arose in a joint sale of sheep by two, as their joint property, that the joint interest and joint sale of both being described as the' foundation of the joint warranty, were essential, and must be proved as laid; and the plaintiff was nonsuited. It is certainly difficult to reconcile this case with Govett v. Radndige, upon *167 the grounds taken in the latter case, and it is impossible to add any thing to what was said by Sir James Mansfield in the cases already cited from the common pleas, to shew that in all the cases against carriers on the customs, whether the action be case or assumpsit, the duty of the owner or master arises by contract, the merchant agrees to pay the freight and the carrier to carry the goods; and it would be.strange, as it is certainly unreasonable, that the whole character of the action, the evidence to be olfered, and the rights of the parties, should depend on the use or omission of the words super se suscepit. The cases of Powell v. Layton, and Max v. Roberts et al., are regarded by Mr. Chitty as having overruled Govett v. Radndige, and they have since been followed in the English courts.
Whether, therefofe, the declaration here be considered as strictly a declaration in assumpsit, (of which I think there can be no doubt,) or as a declaration in case ex quasi contractu, the result will be the same, and the general and well settled rules of pleading and evidence will apply. The plaintiff must sue all the joint contracting parties, or the defendants may plead in abatement. He must sue, in the same action, only the joint contracting parties, or he will fail at the trial. He must prove a joint liability, either by express contract, or implied by law, from the relation of the parties and the nature of their undertaking and employment; and this brings us to the consideration of the principal question, are the defendants in this action to be regarded as joint contractors, either by express agreement or implied liability? If they are, the action is well brought; if they are not, the plaintiffs must fail. And here perhaps it might be sufficient to refer to several treatises of established authority, where it is said, that although the master and owner are both liable, yet they are liable in distinct characters, and on distinct grounds, and a joint action cannot be maintained against them. In 2 Liv., on Agency, 267, it is said the remedy against the master and owner is twofold, and jn pursuing his remedy against them, the plaintiff must take care to describe the defendant by his real character, and Richwood v. Footmer, before Lord Kenyon at N. P. in 1790 is cited, where in an action at Jaw against a person as master, and it appeared at the trial that the defendant *168 was not master, bat owner, the plaintiff was nonsuited. Abbott, in his treatise on shipping, 114, (which says, Mr. Justice Story has acquired a deserved reputation for accuracy and extent of information,) uses almost the same language and refers to the same case before Lord Kenyon. Indeed, in all the treatises on the subject, and in all the cases where the point has been discussed, the liability of the master is spoken of as cumulative, accessory, something in addition to the liability of the owner. Lord Mansfield, in Rich v. Coe, Cowp. 636, says, “ whoever furnishes supplies for a vessel has a treble security: 1. The person of the master. 2. The specific ship. 3. The personal security of the owners. The master is personally liable as making the contract. The owners are liable in consequence of the master’s act, because they choose him; and although Molloy, and Holt, Ch. J., in Boson v. Sanford, seem to put the liability of the owners on account of their employment of the ship and deriving a profit from it, it is still a different liability from that of the master, and is rather implied than express. If this contract is joint, how does it happen that in the whole range of English and American cases, the research of counsel has not enabled him to find a single precedent, of a joint action against master and owner 1 The want of such a case is a strong argument against the doctrine.
But there are other tests, which will more conclusively shew that the defendants are improperly joined. If their liability is joint, then they not only may be joined, but must be joined; and if one only is sued, he could plead in abatement, the non-joinder of the other; or their contract must be joint and several; not only can no case be found where they were joined, but no case can be found of a plea in abatement, by one, of the non-joinder of the other, a proof that they have always been regarded as distinct and several liabilities. As I had occasion to remark before, during this term, in another case,* I cannot conceive of a joint and several liability, unless by express agreement, nor of a joint liability against several, that does not arise at the same time, by the same act, and-1 may add, in the same character, against all who are liable at all.
*169 If they can be sued jointly and must be sued jointly, it follows that they must jointly sue, on all contracts in reference to the vessel or freight. One could not sue without the other. If he were to do so, he would fail at the trial on proof that there was an owner or master not joined in the action, as it might be brought in the name of one or the other. Now, it is well settled that either may sue on such contracts in his own name. The master sues for his owner and the owner for himself: the one as agent, the other as principal. Indeed, I apprehend their right to sue and liability to be sued, depend at last rather on the law of principal and agent, with the modification I have before expressed, made in favor of commerce, by extending the liability of the agent personally.
There are other tests, which may further demonstrate that they cannot be joined. If the contract and liability be joint, all the incidents of a joint contract at law must follow. Since the learned judgment of Lord Mansfield, in Hambly v. Trott, Cowp. 370, it would hardly be doubted, if an owner of a vessel, having received goods to carry for hire, should die, the action would survive against his executor. Where the cause of action is money due, or a contract to be performed, gain or acquisition of the testator, by the work and labor of another, or a promise by the testator, express or implied, the action survives against the executor. Where the cause of action is tort, or arises ex delicto, supposed to be by force and against the peace, then the action dies. If then this contract of master and owner be a joint contract only, and the owner die, the master only would be liable at law, and the merchant would be driven into equity, against the representatives of the owner. This would seem to be a singular result, where the liability of the owner arises from employing the ship and receiving the freight, the master being only his agent; in other words, if the principal die his estate is discharged at law and the agent is substituted to the whole responsibility.
These liabilities as between each -other, if properly considered, will also show that there is not a joint contract. But for the custom and policy, the master . would be liable only for negligence. He receives no compensation from the shippers. He is employed and paid by the owner, and in the law of principal and agent, is *170 liable only to the owner for negligence. The law of joint contracts is, that if one pay all, he may compel contribution; but between the master and owner, whether sued jointly or not, the principle of contribution cannot apply at all. For loss, arising otherwise than from the negligence or default of the master, the owner alone is ultimately responsible ; for if the master be sued, he may make the owners refund — on the contrary for such as do arise from his negligence or default, he alone is ultimately responsible, and the owner if sued, may recover over from him. The principle of joint contracts does not apply. Their liability is in distinct characters, on different grounds, and ultimately as between themselves, to a different extent.
Note. — In actions ex contractu against several, it must appear on the face of the pleadings, that their contract was joint, and that fact must also he proved on the trial; and if too many persons he made defendants, and the objection appear on the pleadings, either of the defendants may demur, move in arrest of judgment, or support a writ of error; and if the objection do not appear upon the pleadings, the plaintiff may he nonsuited upon the trial if Tie fail in‘proving a joint contract: for though in actions for torts one defendant may be found guilty and the other acquitted, yet in actions for the breach of a contract, whether it be framed in assumpsit, covenant, debt, or case, a verdict or judgment cannot in general be given in a joint action against one defendant without the other. See Chitty, Plea: 1 vol. p. 31. R.
Petigru & Magrath, for the motion.

Hunt, contra.

It seems to-be clear, therefore, on reason and authority, that they cannot be joined as co-defendants in the same action.
A new trial is therefore ordered, and at the hearing below the plaintiff will have to be nonsuited.
Gantt, O’Nbail and Btjtlek, Justices, concurred.

Milne v. Vincent et al.